IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JORGE OTTATI, | * | |
| Petitioner, | * | |
| v. | * | CASE NO. 4:07-CV-105 CDL |
| DHS, *et al.*, | * | 28 U.S.C. § 2241 |
| | | Habeas Corpus Petition |
| Respondents. | * | |

## REPORT AND RECOMMENDATION

Before the Court is Respondents' Motion to Dismiss, filed in this case on December 7, 2007. (R-8). The pleadings reveal that following the filing of his application for federal habeas relief, Petitioner was deported to his native country of Uruguay on July 20, 2007. (R-8; Exh. 1). In his application, Petitioner was challenging the legality of his detention. (R-1). In their Motion to Dismiss, Respondents aver that Petitioner has been removed from detention and no longer in their custody. (R-8). Respondents contend that Petitioners' pending § 2241 petition is, therefore, moot and should be dismissed as such.

The Eleventh Circuit Court of Appeals has held that:

> The doctrine of mootness derives directly from the case-or-controversy limitation because "an action that is moot cannot be characterized as an active case or controversy."*Adler v. Duval County Sch. Bd.,* 112 F.3d 1475, 1477 (11th Cir.1997). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a 1336 legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). As this Court has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give

> meaningful relief.' " *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir.2000) (quoting *Ethredge v. Hail,* 996 F.2d 1173, 1175 (11th Cir.1993)). If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals,* 396 U.S. 45, 48, 90 S.Ct. 200, 201-02, 24 L.Ed.2d 214 (1969) (per curiam). Indeed, dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1227 n. 14 (citing *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) ("The question of mootness is ... one which a federal court must resolve before it assumes jurisdiction.")).

*Al Najjar v. Ashcroft*, 273 F.3d 1330 (11th Cir. 2001). Further, as cited by Respondents, where a petitioner is no longer in custody, the dispute with regard to his detention is mooted. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for writ of habeas corpus be dismissed without prejudicing Ottati's right to file a new § 2241 petition in the future if a change in circumstances enable Petitioner to state a claim upon which habeas relief can be granted. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 31st day of December, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw